UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERTO MONROY ROBLEDO; ) <br> *Plaintiff,* ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> ALEJANDRO MAYORKAS ) <br> Secretary of the Department of )_ <br> Homeland Security ) <br> ) <br> ) <br> TRACY RENAUD ) <br> Director of U.S. Citizenship and Immigration) <br> Services; ) <br> ) <br> ) <br> MERRICK GARLAND ) <br> U.S. Attorney General, ) <br> Department of Justice; ) <br> ) <br> and ) <br> ) <br> DIANNE WITTE, DIRECTOR ) <br> Interim Field Office Director, ) <br> New Orleans Field Office, ) <br> U.S. Citizenship and Immigration Services; ) <br> ) <br> *Defendants* ) <br> _____) | Case No.: _____ <br><br> DHS No.:A 215-686-624 |

**COMPLAINT FOR APA JUDICIAL REVIEW AND DECLARATORY RELIEF**

## I. INTRODUCTION

1. COMES NOW Plaintiff, Roberto Monroy Robledo (A 215-686-624) by and through undersigned counsel, pursuant to federal question jurisdiction, 28 U.S.C. § 1331, respectfully submits his Complaint for APA Judicial Review, 5 U.S.C. § 706 et seq., and Declaratory Relief, 28 U.S.C. § 2201. In support thereof, Plaintiffs hereby submit the following:

2. On March 14, 2019, Plaintiff properly filed a Form I-485, Application to Adjust Status, based and his approved USCIS Form I-130, Petition for Alien Relative (Form I-130), pursuant to INA § 245(a), 8 U.S.C. § 1255(a). Even though Plaintiff fulfilled every statutory and discretionary element of INA § 245(a), 8 U.S.C. § 1255(a), Defendants failed to properly apply the immigration laws; and Defendants unlawfully refused to allow Plaintiff to adjust his status to that of a Lawful Permanent Resident by denying Plaintiff's Form I-485 on April 23, 2019.

3. With this Complaint for Declaratory, Injunctive, and Mandamus Relief, Plaintiff challenges Defendants' unlawful denial of Plaintiff's Form I-485. Plaintiff seeks judicial review under the Administrative Procedure Act, 5 U.S.C.§ 706(2)(A), of the unlawful denial of Plaintiff's Form I-485; and Plaintiff also seeks an order that Plaintiff's Form I-485 application be approved by Defendants. Plaintiff argues that Defendants' unlawful denial of Plaintiff's Form I-485 constitutes an unlawful act in violation of the Administrative Procedures Act, 5 U.S.C.§ 706(2)(A). Defendants' unlawful denial of Plaintiff's Form I-485 also violates the Immigration and Nationality Act (INA) § 245(a), 8 U.S.C. § 1225(a). Plaintiff asks this Honorable Court to review the denial of Plaintiff's Form I-485, and order that the Form I-485 application be

approved. *See Ramirez*, 852 F.3d 954; *Flores*, 718 F.3d 548; *Elrawy*, 448 F.3d at 313; *Orellana*, 405 F.3d at 370; *Guerrero*, 138 F.Supp.3d at 759; *Medina*, 65 F.Supp.3d 419; *Ramirez*, 23 F.Supp.3d 1322.

4. In support of Plaintiff's Complaint for Declaratory, Injunctive, and Mandamus Relief, Plaintiff alleges as follows:

## II. PARTIES

5. Plaintiff, Roberto Monroy Robledo, is a native and citizen of Mexico who applied to adjust his status to that of a lawful permanent resident on March 3, 2019. That application was ultimately denied because he stated that he was married Maria Guadalupe Zamora Ruiz on non-immigrant visa applications from 2009-2015. Mr. Monroy timely filed a Motion to Reconsider which was denied by USCIS on August 26, 2020 for the same reason.

6. Defendant, Alejandro Mayorkas, is sued in his official capacity as the Senior Official Performing the Duties of Deputy Secretary of the United States Department of Homeland Security (hereafter "DHS"). In this capacity, he has responsibility for the administration of the immigration laws pursuant to 8 C.F.R. § 2.1.

7. Defendant, Merrick Garland, is sued in his official capacity as the Acting Attorney General of the United States and chief officer of the United States Department of Justice (hereafter "DOJ"). In this capacity, he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103.

8. Defendant, Tracy Renaud, is sued in her official capacity as the Director of United States Citizenship and Immigration Services (hereafter "USCIS"). USCIS is the component of DHS that is responsible for adjudicating Plaintiff's Forms. In her capacity as the

Director of USCIS, Defendant Tracy Renaud has responsibility for the administration of the immigration laws.

9. Defendant, Diane L. Witte, is sued in her official capacity as the Field Office Director at the New Orleans Field Office of the United States Citizenship and Immigration Services. The New Orleans Field Office, which is under Defendant's direction, is charged with the administration of the Immigration and Nationality Act and the adjudication of Form I-751 filed by people living in the New Orleans district. In her capacity as the Field Office Director, Diane L. Witte has responsibility for the administration of the immigration laws.

### III. JURISDICTION

10. This Court has jurisdiction pursuant to the federal question jurisdiction, 28 U.S.C. § 1331, in combination with the Administrative Procedures Act, 5 U.S.C. § 701 et seq. See Califano v. Sanders, 430 U.S. 99, 105-107 (1977).

11. The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by an agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702(2)(A).

12. For the purposes of 5 U.S.C. § 704, Mr. Monroy lacks any statutorily, regulatory, or administrative remedy. Therefore, the instant suit is properly filed. 5 U.S.C. § 704 ("[a]gency action made reviewable by status and final agency action for which there is no other adequate remedy in a court are subject to judicial review.")

13. Because Plaintiff also seeks declaratory relief, Plaintiff also relies on Federal Rule of Civil Procedure 57 and pursuant to 28 U.S.C. § 2201, this Court may, in the case of

actual controversy, "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201.

14. Non-discretionary statutory eligibility and inadmissibility determinations made by USCIS during the adjudication of an adjustment application are within the purview of this Court's jurisdiction under the APA. Guerrero v. Johnson, 138 F. Supp. 3d 754, 757 (E.D. La. 2015); see also Mejia Rodriguez v. United States Dep't of Homeland Sec., 562 F.3d 1137, 1142-44 (11th Cir. 2009); Perez v. USCIS, 774 F.3d 960 (11th Cir. 2014); Tsiva, Inc. v. Attorney General, No. 3:12-CV-631-J-34PDB, 2014 WL 6675607, at *4 (M.D. Fla. Nov. 24, 2014); Toussaint v. Moore, No. 15-23025-CIV, 2016 WL 3854588, at *4 (S.D. Fla. July 15, 2016) ("While I would have had jurisdiction to review USCIS's legally incorrect determination that Mr. Toussaint was statutorily ineligible to adjust status, that error has since been corrected, and I no longer have jurisdiction to review a purely discretionary denial made after statutory eligibility has been determined."); Rodriguez v. Gonzales, 451 F.3d 60, 62 (2nd Cir. 2006) (Describing the court's authority to review non-discretionary eligibility decisions, eligibility that the applicant must prove he meets, for an adjustment of status application, notwithstanding 8 U.S.C. § 1252(a)(2)(B)(i)).

### IV. VENUE

15. Venue lies in the United States District Court for the Middle District of Louisiana under 28 U.S.C. § 1391(e), because the Plaintiff resides in the Middle District of Louisiana and no real property is involved in this action and because the United States government is a Defendant.

## V. STATEMENT OF FACTS

16. Plaintiff, Mr. Roberto Monroy Robledo, is a fifty-one-year-old citizen of the Mexico who has been entering the United States on a H2B work visa from the periods of 2009-2015. In 2015 Mr. Monroy entered the United States on his H2B visa and never left.

17. Before coming to the United States in 2015 Mr. Monroy lived with, and had three children with, Ms. Maria Guadalupe Zamora Ruiz. This is the person Mr. Monroy stated that he was married to on his applications for his H2B visas as he had three children with her and lived with her at the time of preparing the applications for the H2B visas.

18. Mr. Monroy subsequently married a United States citizen in the United States.

19. Based on his marriage to a United States citizen, and because he fulfilled all the statutory qualifications to adjust his status to that of a lawful permanent resident ("Greencard"), he applied to USCIS on or about March 14, 2019.

20. On or about April 23, 2019, USCIS denied the application to adjust his status stating that on January 16, 2009; February 10, 2010; December 23, 2010; January 20, 2012; January 10, 2013; January 22, 2014; and January 17, 2015; on a non-immigrant visa application (the H2B visa application) that he claimed he was married to Maria Guadalupe Zamora Ruiz.

21. Mr. Monroy timely filed a Motion to Reconsider which was received by USCIS on June 21, 2020.

22. In the Motion Mr. Monroy argued that claiming to be married was not a Willful Misrepresentation of Material Fact, as he actually considered himself to be married to Ms. Ms. Maria Guadalupe Zamora Ruiz. Common law marriages are common in

Mexico.

23. On August 26, 2020, USCIS denied the Motion to Reconsider.

## VI. STATEMENT OF LAW

24. An applicant for adjustment of status is inadmissible or not eligible to adjust his status if there is a finding that a person willfully misrepresented a material fact. 8 U.S.C. §1182(a)(6)(C)(i); INA 212(a)(6)(C)(i).

25. When deciding whether an applicant has made a willful misrepresentation, "willfully" should be interpreted as "knowingly" as distinguished from accidentally, inadvertently, or in a good faith belief that the factual claims are true. *Matter of Healy and Goodchild,* 17 I&N Dec. 22 (BIA 1979).

26. When determining the "willfulness' of a person's false representation, the officer should consider the circumstances that existed at the time the benefit was issued. *Id*. and USCIS Policy Manual; Part J, Chapter 3, D.1.

27. The misrepresentation must also be "material." *Kungys v. United States,* 485 U.S. 759, 770 (1988). *Kungys* developed a test to determine whether a misrepresentation is material: A concealment or a misrepresentation is material if it has a natural tendency to influence or was capable of influencing the decisions of the decision-making body. *Id.*

## VII. EXHAUSTION

28. Plaintiff has exhausted his administrative remedies and there are no further administrative acts that Plaintiff can take to obtain the benefits to which he is entitled. Plaintiff's only remedy remaining is by way of this Complaint.

29. No court has previously addressed the merits of Plaintiff's case.

30. In addition, further efforts at exhaustion would be futile because USCIS is biased and has predetermined the issue. See *Houghton v. Shafer*, 392 U.S. 639, 640 (1968) (where the attorney general took the position that challenged prison rules were applied validly and correctly to Plaintiff, requiring the exhaustion of administrative remedies by appealing to the attorney general "would be to demand a futile act").

## X. EQUAL ACCESS TO JUSTICE

31. Plaintiff has retained undersigned counsel to represent him in this matter and Plaintiff has agreed to pay counsel's reasonable attorney fees, costs and expenses. Plaintiff therefore seeks an award of his costs, attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in this lawsuit.

## IX. FIRST CLAIM FOR RELIEF

(ADMINISTRATIVE PROCEDURES ACT VIOLATION)

32. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31 as if set forth fully herein.

33. Mr. Monroy is eligible as a matter of law to adjust his status to that of a Lawful Permanent Resident under INA § 245(a), 8 U.S.C. §1255(a). He is not inadmissible.

34. Defendants' refusal to approve Mr. Monroy's adjustment of status constitutes an unreasonable failure to act in violation of the Administrative Procedures Act and is arbitrary, capricious, and abuse of discretion. Such denials are therefore subject to review under 5 U.S.C. §706(2)(A).

35. Defendants' actions violate federal regulations and the Administrative Procedures Act. Defendants' adoption of a legal standard not authorized by a statute constitutes an *ultra vires* agency action not in accordance with the law under 5 U.S.C. § 706(2)(A).

36. Defendants' action violates federal regulations and the Administrative Procedures Act. Defendants' adoption of a legal standard not authorized by statute constituted improper rulemaking without the required notice and opportunity for comment under 5 U.S.C. § 553.

## X. SECOND CLAIM FOR RELIEF

(IMMIGRATION AND NATIONALITY ACT VIOLATION)

37. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 though 36 as if set forth fully herein.

38. Defendants' denial of the application to adjust status is in violation of the Immigration and Nationality Act.  Mr. Monroy is eligible to adjust his status to that of a Lawful Permanent Resident under INA § 245(a), 8 U.S.C. § 1255(a).

39. Defendant's false claim that Mr. Monroy made a willful misrepresentation of fact triggering the ground of inadmissibility rendering him ineligible for the benefit he seeks is in violation of the INA, judicial precedent, and even their own Adjudicators Field Manuel.

## XII. PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff respectfully prays this Honorable Court to:

    a.   Assume jurisdiction over this matter;

    b.   Review Defendant's decision to deny Plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status;

    c.   Declare that Plaintiff was statutorily eligible to file a Form I-485, Application to Register Permanent Residence or Adjust Status, and adjust his status to that of a Lawful Permanent Resident under INA § 245(a), 8

U.S.C. § 1255(a);

d. Declare that Plaintiff submitted sufficient evidence to meet his burden of proof on the admission element of INA § 245(a), 8 U.S.C. § 1255(a), on the day that his Form I-485 was filed with USCIS on December 8, 2014;

f. Hold unlawful and set aside Defendants' decision, which unlawfully denied Plaintiff's Form I-485;

g. Order Defendants to approve Plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status, within a reasonable period of time determined by this Honorable Court;

h. Retain jurisdiction during the adjudication of the Form I-485 in order to ensure compliance with the Honorable Court's orders;

i. Grant reasonably attorney's fees and court cost pursuant to the Equal Access to Justice Act, 28 USC § 2412, *et seq* and the Administrative Procedures Act, 5 U.S.C. § 504, *et seq.*; and

e. Grant such other relief as this Honorable Court may deem just and proper.

Respectfully submitted this 22 day of July 2021.

Respectfully submitted,

*/s/ Paul H. Scott*
Paul H. Scott
The Scott Law Firm, LLC
10636 Linkwood Court
Baton Rouge, Louisiana 70810
Phone: 225-224-0510
Fax:    888-606-0123
Email: paul@pwscottlaw.com
LSBA# 31961

## VERIFICATION

I, Roberto Monroy Robledo, being duly sworn upon oath, hereby state: I am the Plaintiff in this case, and I verify that the information contained in the foregoing Complaint is true and correct to the best of my knowledge and belief.

Executed this 12 day of July 2021.

s/Roberto Monroy<br>
Roberto Monroy Robledo

## CERTIFICATE OF SERVICE

I hereby certify that the above COMPLAINT FOR VIOLATION OF THE AMERICAN PROCEDURES ACT was this day electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid and properly addressed.

Baton Rouge, Louisiana this 22 day of July 2021

/s/ Paul H. Scott

_____

Paul H. Scott