UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERTO MONROY ROBLEDO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-424-BAJ-EWD** |
| **ALEJANDRO MAYORKAS,**<br>**SECRETARY OF THE DEPARTMENT**<br>**OF HOMELAND SECURITY, et al.** | |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES OF AMERICA'S RULE 12(b)(1) MOTION TO DISMISS**

The plaintiff in this lawsuit, Mr. Roberto Monroy Robledo,[1] requests that the Court review the denial by the United States Citizenship and Immigration Services ("USCIS") of his Form I-485 Application to Register Permanent Residence or Adjust Status ("Form I-485"). But binding Fifth Circuit law requires that Mr. Robledo first exhaust his administrative remedies by renewing his request for an adjustment of status during removal proceedings, regardless of whether the federal government has commenced such proceedings. *See Cardoso v. Reno*, 216 F.3d 512, 517-18 (5th Cir. 2000). And the Complaint includes no factual allegations establishing that Mr. Robledo has done so. The Court therefore lacks jurisdiction over Mr. Robledo's claims for review of USCIS's denial of his Form I-485. The United States therefore requests that the Court grant this motion and dismiss all claims in the Complaint.

---

[1] The Complaint also refers to the plaintiff as Mr. Monroy. For consistency, the United States will use the plaintiff's name as listed on the Court's docket.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Mr. Robledo seeks judicial review of USCIS's denial of his Form I-485. According to his Complaint, Mr. Robledo "is a native and citizen of Mexico who applied to adjust his status to that of a lawful permanent resident on March 3, 2019." Compl. ¶ 5, ECF No. 1.[2] He purportedly "has been entering the United States on a H2B work visa from the periods of 2009-2015," and he "entered the United States on his H2B visa" in 2015 "and never left." *Id.* ¶ 16.[3] However, prior to 2015, Mr. Robledo "lived with, and had three children with, Ms. Maria Guadalupe Zamora Ruiz," and Mr. Robledo "stated that he was married to [Ms. Ruiz] on his applications for his H2B visas . . . ." *Id.* ¶ 17. Despite that attestation, "Mr. Monroy subsequently married a United States citizen in the United States." *Id.* ¶ 18.

Relying on his marriage to a United States citizen, Mr. Robledo alleges that he "properly filed a Form I-485" on March 14, 2019, "based [on] his approved USCIS Form I-130, Petition for Alien Relative . . . ." *Id.* ¶ 2. But "[o]n or about April 23, 2019, USCIS denied the application to adjust [Mr. Robledo's] status[,] stating that on January 16, 2009; February 10, 2010; December 23, 2010; January 20, 2012; January 10, 2013; January 22, 2014; and January 17, 2015; on a non-immigrant visa application (the H2B visa application) that he claimed he was married to Maria Guadalupe Zamora Ruiz." *Id.* ¶ 20. Mr. Robledo then filed a motion for reconsideration of that decision with USCIS, which the agency denied on August 26, 2020. *Id.* ¶¶ 21-23. The Complaint includes no allegation that Mr. Robledo has been placed into removal proceedings.

---

[2] USCIS's records reflect a March 1, 2019 filing date for Mr. Robledo's application to adjust status. However, this point is not essential to the resolution of this motion, so the Government refers to the factual allegations as pled in the Complaint.
[3] A H-2B visa may be available to a person "having a residence in a foreign country which he has no intention of abandoning who is coming temporarily to the United States to perform other temporary [nonagricultural] service or labor if unemployed persons capable of performing such service or labor cannot be found in this country . . . ." 8 U.S.C. § 1101(a)(15)(H)(ii)(b); *see also* 8 C.F.R. § 214.2(h)(1)(ii)(D).

2

Mr. Robledo commenced this lawsuit on July 22, 2021, and he asserts claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 553, 706(2)(A), and the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(a). *See* Compl. ¶¶ 32-39. Among other remedies, Mr. Robledo requests that the Court "[d]eclare that [he] was statutorily eligible to file a Form I-485 . . . and adjust his status to that of a Lawful Permanent Resident under INA § 245(a), 8 U.S.C. § 1255(a)" and "[o]rder Defendants to approve [Mr. Robledo's] Form I-485 . . . within a reasonable period of time . . . ." *Id.* ¶ 40.

The United States Attorney's Office for the Middle District of Louisiana was served with a summons and a copy of Mr. Robledo's Complaint on July 29, 2021.[4] This motion is therefore timely. *See* Fed. R. Civ. P. 12(a)(2), (4).

## II.   ARGUMENT

The central flaw with Mr. Robledo's lawsuit is that he has not yet exhausted his administrative remedies with respect to the denial of his Form I-485. In particular, the Fifth Circuit has long recognized that Mr. Robledo may renew his application for adjustment of status upon the commencement of removal proceedings. *See Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000). And until he does so, this Court lacks subject-matter jurisdiction over his APA and INA claims for review of USCIS's decision to deny the Form I-485. *Id.* Mr. Robledo's claims should therefore be dismissed under Rule 12(b)(1).

### A.   Legal Standard

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Robertson v. Scheuermann*, No. 18-75-JWD-RLB, 2019 WL 96223, at *1 (M.D. La. Jan. 3, 2019) (citation and internal quotation marks omitted). "Dismissal of a party's claims is

---

[4] *See* **Ex. A**, Decl. of Bonnie Pittman ¶¶ 4-5, Sept. 20, 2021.

appropriate under Federal Rule of Civil Procedure 12(b)(1) if a party fails to carry this burden." *Johnson v. Dettmering*, No. 19-744-BAJ-SDJ, 2021 WL 3234623, at *1 (M.D. La. July 29, 2021). Further, on a Rule 12(b)(1) challenge to the court's subject-matter jurisdiction, "the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

### B. Mr. Robledo Has Not Exhausted His Administrative Remedies, Depriving the Court of Subject-Matter Jurisdiction

The Fifth Circuit has held that plaintiffs must exhaust their administrative remedies by renewing an application to adjust status in removal proceedings before seeking judicial review of USCIS's denial of that application. *See Cardoso*, 216 F.3d at 518. That jurisdictional prerequisite holds even if the plaintiff has not been placed in removal proceedings. *Id.* at 517-18. And because Mr. Robledo's Complaint does not allege that he has renewed his application for adjustment of status in removal proceedings, the Court lacks jurisdiction over his claims, which should be dismissed.

This case is squarely governed by the Fifth Circuit's decision in *Cardoso v. Reno*, 216 F.3d 512 (5th Cir. 2000). There, four plaintiffs filed suit against the United States Attorney General and alleged that the Immigration and Naturalization Service ("INS," now USCIS) improperly denied their applications for adjustment of status to legal permanent residents. *Id.* at 513-14. One of those plaintiffs, Ms. Aurora Moran, was the child of a lawful permanent resident, and she filed an application for adjustment of status prior to her twenty-first birthday after an immigrant visa under 8 U.S.C. § 1153(a)(2)(A) became available. *Id.* at 514. However, because INS did not finish its consideration of Ms. Moran's application until after her twenty-first birthday, the agency denied the "adjustment of status on the ground that [Ms. Moran] was no longer an eligible child." *Id.*

4

Although Ms. Moran stated that "she . . . risk[ed] deportation as a result" of the denial, *id.*, she did "not allege that the Attorney General [had] initiated removal proceedings," *id.* at 517.

The Fifth Circuit first noted that "[a]s a matter of jurisdiction, courts may not review the administrative decisions of the INS unless the [plaintiff] has first exhausted 'all administrative remedies.'" *Id.* at 518 (quoting 8 U.S.C. § 1252(d) (1999)). The court then observed that "although [Ms.] Moran may not directly appeal the immigration judge's denial of her request for adjustment of status, she may, nevertheless, renew her request upon the commencement of removal proceedings." *Id.* (citing 8 C.F.R. § 245.2(a)(5)(ii) (1999)).[5] Therefore, because Ms. Moran "ha[d] not yet exhausted her administrative remedies," the Fifth Circuit held it "may not exercise jurisdiction" over her claims. *Id.* So the court affirmed the district court's dismissal of those claims. *Id.*

Importantly, *Cardoso* is not an outlier in the Fifth Circuit's jurisprudence. To the contrary, the Fifth Circuit has repeatedly applied *Cardoso* to affirm dismissals of district court lawsuits challenging denials of adjustment of status applications, including under the APA.[6] *See Petrenko-Gunter v. Upchurch*, No. 05-11249, 2006 WL 2852359, at *1 (5th Cir. Oct. 2, 2006) (applying *Cardoso* to hold that the plaintiff had not exhausted administrative remedies when she had not renewed her request for adjustment of status in removal proceedings and stating that "*Cardoso* . . . controls" when the plaintiff purports to bring claims under the APA); *Maringo v. Mukasey*, 281 F. App'x 365, 367 (5th Cir. 2008) ("Pursuant to 8 C.F.R. § 245.2(a)(5)(ii), an alien

---

[5] Currently, 8 C.F.R. § 245.2(a)(5)(ii) states that "[n]o appeal lies from the denial of an application by the director, but the applicant, if not an arriving alien, retains the right to renew his or her application in proceedings under 8 CFR part 240." *See also* 8 C.F.R. §§ 1240.1(a)(1)(ii), 1240.11(a)(1), 1245.2(a)(1)(i) (making clear that an application for adjustment of status may be renewed before an immigration judge in removal proceedings).

[6] The APA only allows for judicial review of "[a]gency action made reviewable by statute and *final* agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704 (emphasis added). Mr. Robledo identifies no statute authorizing immediate judicial review of the denial of his Form I-485 (because there is none), and as a consequence of *Cardoso*, USCIS's denial of a Form I-485 is not "final" because the plaintiff may renew that application during removal proceedings.

5

who is denied adjustment of status by the district director may renew his adjustment of status application upon commencement of removal proceedings, which constitutes a further mechanism for judicial review."); *Velasquez v. Nielsen*, 754 F. App'x 256, 261 (5th Cir. 2018) (applying *Cardoso* and stating that "if a party could receive a legal ruling by a district court (and, by extension, this court) on the correctness of a ruling by the USCIS simply by labeling it a request for declaratory relief, then our decision in *Cardoso* (and the statutory review process enacted by Congress) would be made meaningless"). Numerous district courts in the Fifth Circuit have likewise followed *Cardoso*.[7]

There is no reason for this Court to reach a different result. Mr. Robledo does not allege in his Complaint that he has renewed his request for adjustment of status in removal proceedings, nor does he allege that he has been placed in removal proceedings. Rather, he makes a conclusory allegation that he "has exhausted his administrative remedies and [that] there are no further administrative acts that [Mr. Robledo] can take to obtain the benefits to which he is entitled." Compl. ¶ 28. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to overcome a Rule 12 challenge. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. also Johnson v. Dettmering*, 2021 WL 3234623, at *2 ("A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." (citation and internal quotation marks omitted)). And as discussed above, the allegation

---

[7] *See, e.g.*, *Hernandez v. Garland*, No. H-20-3089, 2021 WL 3810963, at *2-3 (S.D. Tex. May 19, 2021) (dismissing the plaintiff's APA suit for review of USCIS's denial of her Form I-485 based on the plaintiff's failure to exhaust administrative remedies under *Cardoso*); *Cavena v. Renaud*, No. 3:20-CV-2801-K, 2021 WL 2716432, at *3 (N.D. Tex. June 30, 2021) (same where "[t]here [was] no evidence in the record that USCIS conducted, or even initiated, removal proceedings against Plaintiff"); *Mendoza v. Wolf*, No. H-20-2022, 2020 WL 7123166, at *3-5 (S.D. Tex. Dec. 4, 2020) (same); *Koesoemadinata v. McAleenan*, No. H-19-01921, 2019 WL 4418223, at *3 (S.D. Tex. Sept. 16, 2019) (applying *Cardoso* and rejecting the plaintiff's argument that "he is in limbo unless and until USCIS decides to initiate deportation proceedings" because the court determined that it "is bound by the Fifth Circuit's case law"); *Rico v. Medina*, No. 4:16-CV-12, 2017 WL 7371193, at *1-2 (S.D. Tex. Feb. 1, 2017) ("While it is true that Plaintiff is at an impasse because the Attorney General has not initiated removal proceedings, this does not mean his administrative remedies have been exhausted.").

that Mr. Robledo has "no further administrative acts" available is wrong as a matter of law. So by a straightforward application of *Cardoso*, Mr. Robledo has not exhausted his administrative remedies, depriving this Court of subject-matter jurisdiction over his claims.

The only other suggestion in Mr. Robledo's Complaint in support of the Court's jurisdiction is Mr. Robledo's assertion that "[n]on-discretionary statutory eligibility and inadmissibility determinations made by USCIS during the adjudication of an adjustment application are within the purview of this Court's jurisdiction under the APA." Compl. ¶ 14 (citing cases). That proposition appears to be a correct statement of Fifth Circuit law. *See Nolasco v. Crockett*, 978 F.3d 955, 957 (5th Cir. 2020) (stating that "8 U.S.C. § 1252(a)(2)(B) precludes courts from reviewing only certain discretionary immigration decisions, but not legal determinations"); *Melendez v. McAleenan*, 928 F.3d 425, 426-27 (5th Cir. 2019) (same). But it also misses the point. As other district courts in the Fifth Circuit have recognized, "[a]lthough the Fifth Circuit has recently held that federal courts may review substantive legal issues involving eligibility for adjustment of status, the Fifth Circuit has not held that such review may occur absent the exhaustion of administrative remedies." *Mendoza v. Wolf*, No. H-20-2022, 2020 WL 7123166, at *4 (S.D. Tex. Dec. 4, 2020) (citations omitted). Rather, "[e]xhaustion of administrative remedies was not at issue in either *Nolasco* or *Melendez*." *Id.* at *4.[8] So "*Cardoso* is binding precedent that has been repeatedly followed by the Fifth Circuit" and the district courts in this circuit. *Hernandez v. Garland*, No. H-20-3089, 2021 WL 3810963, at *2 (S.D. Tex. May 19,

---

[8] Although the Fifth Circuit panel in *Nolasco* did not address exhaustion of administrative remedies, it did note that the plaintiff was "unable to appeal within the immigration system" because he had received Temporary Protected Status ("TPS"). 978 F.3d at 956 & n.2 (citing 8 U.S.C. § 1254a(a)(1)(A) for the proposition that "the government 'shall not remove' [the plaintiff] or others with TPS 'during the period in which such status is in effect'"). By contrast, Mr. Robledo does not allege that he has received TPS, nor does he otherwise offer any reason in his Complaint why the Government would be unable to place him in removal proceedings (wherein he could then renew his application for adjustment of status).

7

2021) (collecting cases).⁹  *Cardoso* likewise applies here and requires the dismissal of Mr. Robledo's claims.

From the face of the Complaint, it is clear that Mr. Robledo has not exhausted his administrative remedies with respect to his denied application for adjustment of status.  His claims should therefore be dismissed for lack of subject-matter jurisdiction.

## III.   CONCLUSION

Under Fifth Circuit law, Mr. Robledo has not exhausted his administrative remedies with respect to his denied Form I-485 because he may renew that application during removal proceedings.  So the Court lacks subject-matter jurisdiction over his claims. The United States therefore requests that the Court grant this motion and dismiss Mr. Robledo's claims under Rule 12(b)(1).

---

⁹ Following a petition for panel rehearing, the Fifth Circuit withdrew its initial opinion in *Nolasco*, stating that "[s]ince the prior opinion issued, the Supreme Court decided *Nasrallah v. Barr*, -- U.S. --, 140 S. Ct. 1683, 207 L.Ed.2d 111 (2020), which clarified the meaning of the statutory term 'final order of removal.'" 978 F.3d at 956, *withdrawing* 958 F.3d 384 (5th Cir. 2020).  The panel therefore "chose[] not to base [its] decision on *Cardoso*" but did so "[w]ithout expressing an opinion as to whether *Nasrallah* may have partially abrogated portions" of *Cardoso*. *Id.*  Nor could it. Because the Fifth Circuit is a "strict *stare decisis* court[,] . . . one panel of th[e] court cannot disregard, much less overrule, the decision of a prior panel." *Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 832 (5th Cir. 2000) (citation and internal quotation marks omitted).  And as this Court has recently observed, "[t]he proposition that a decision of the Fifth Circuit Court of Appeals incorrectly interprets an opinion by the Supreme Court of the United States must be addressed to the Fifth Circuit, the decisions of which are binding on this Court." *Johnson v. Dettmering*, 2021 WL 3234623, at *5 (quoting *Whirley v. Am. Brands, Inc.*, No. CIV. A. C-97-009, 1997 WL 881215, at *3 (S.D. Tex. Apr. 7, 1997)) (internal quotation marks omitted).  The Fifth Circuit's silence in *Nolasco* and *Melendez* regarding exhaustion of administrative remedies therefore cannot be interpreted as overruling (even implicitly) the binding holding of *Cardoso*.

Baton Rouge, Louisiana, this 24th day of September, 2021.

                UNITED STATES OF AMERICA, by

                ELLISON C. TRAVIS
                ACTING UNITED STATES ATTORNEY

                /s/ Chase E. Zachary
                Chase E. Zachary, LBN 37366
                Assistant United States Attorney
                777 Florida Street, Suite 208
                Baton Rouge, Louisiana  70801
                Telephone: (225) 389-0443
                Fax: (225) 389-0685
                E-mail: chase.zachary@usdoj.gov