UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERTO MONROY ROBLEDO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-424-BAJ-EWD** |
| **ALEJANDRO MAYORKAS,** **SECRETARY OF THE DEPARTMENT** **OF HOMELAND SECURITY, et al.** | |

**REPLY MEMORANDUM IN SUPPORT OF THE UNITED STATES OF AMERICA'S RULE 12(b)(1) MOTION TO DISMISS**

Mr. Robledo can only avoid dismissal of this lawsuit if he can distinguish his case from the Fifth Circuit's binding decision in *Cardoso v. Reno*, 216 F.3d 512 (5th Cir. 2000). He has not and cannot. The holding of *Cardoso* is clear: if a plaintiff has not renewed their request for an adjustment of status during removal proceedings—regardless of whether the United States has commenced those proceedings—then a federal court "may not exercise jurisdiction" over any claim for review of a denied adjustment of status application. *Id.* at 518. And that holding applies regardless of whether the plaintiff brings a claim directly under the Immigration and Nationality Act (INA), *id.*, or under the Administrative Procedure Act (APA), *cf. Petrenko-Gunter v. Upchurch*, No. 05-11249, 2006 WL 2852359, at *1 (5th Cir. Oct. 2, 2006) (stating that "*Cardoso* . . . thus controls" when a plaintiff seeks judicial review of the denial of a request for adjustment of status because "both statutes [the INA and the APA] require final agency action as a prerequisite to judicial review").

Mr. Robledo concedes in his Opposition that he has not renewed his request for an adjustment of status in removal proceedings; in fact, he admits that "he has not been placed in

removal proceedings." Opp'n, at 4, ECF No. 12-1. So the conclusion is straightforward: under *Cardoso*, this Court lacks jurisdiction over Mr. Robledo's claims, requiring their dismissal.

Rather than explaining how this syllogism could fail, Mr. Robledo re-treads arguments that have been consistently rejected by courts in the Fifth Circuit. **First**, Mr. Robledo wrongly asserts that he has exhausted his administrative remedies because (a) he submitted a Form I-485, which USCIS denied, and (b) he separately filed a Form I-290B, Notice of Appeal or Motion, which the agency also denied. Opp'n, at 3-4. He then circularly concludes that he "has exhausted his administrative remedies, considering he has not been placed in removal proceedings." *Id.* But as the Fifth Circuit made clear in *Cardoso*, whether a plaintiff has been placed in removal proceedings is irrelevant. 216 F.3d at 517-18. "While it is true that Plaintiff is at an impasse because the Attorney General has not initiated removal proceedings, this does not mean his administrative remedies have been exhausted." *Rico v. Medina*, No. 4:16-CV-12, 2017 WL 7371193, at *1 (S.D. Tex. Feb. 1, 2017). That conclusion likewise applies here.

For the same reasons, the denial of Mr. Robledo's Form I-290B is also irrelevant to the exhaustion inquiry. The U.S. District Court for the Southern District of Texas considered a nearly identical matter in *Mendoza v. Wolf*, No. H-20-2022, 2020 WL 7123166 (S.D. Tex. Dec. 4, 2020). There, the married plaintiffs "each filed an Application to Register Permanent Residence or Adjust Status (Form I-485) with the USCIS . . . based on Mr. Mendoza's receipt of an approved employment-based visa petition." *Id.* at *1. After USCIS denied the applications based on determinations that the plaintiffs were inadmissible under the INA, the plaintiffs filed a Form I-290B, "seeking reconsideration of the USCIS decision denying their applications for adjustment of status." *Id.* at *2. Like Mr. Robledo, the plaintiffs in *Mendoza* then filed a federal lawsuit after

USCIS denied those reconsideration motions, and they asserted claims under the INA and the APA. *Id.*

Applying *Cardoso*, the district court dismissed the plaintiffs' claims for lack of subject-matter jurisdiction. In particular, the court rejected the plaintiffs' "argument that all administrative remedies have been exhausted . . . since they filed a Form I-290B, Notice of Appeal or Motion, seeking reconsideration of the decision denying the application for adjustment of status" because that argument was "contrary to the Fifth Circuit's holding in *Cardoso* that plaintiffs may not obtain judicial review of the denial of their applications to adjust status outside of the removal process." *Id.* at *4 (citation and internal quotation marks omitted). "Because plaintiffs' administrative remedies include the right to *de novo* review of their applications to adjust status during their removal proceedings," the *Mendoza* court determined that it "lack[ed] subject matter jurisdiction over the claims asserted in [that] action . . . ." *Id.* The pertinent facts of this case are no different, and there is accordingly no reason to reach a different outcome. Mr. Robledo's claims should be dismissed.

***Second***, Mr. Robledo asserts, Opp'n, at 5-6—and then re-asserts, *id.* at 9-10—that he need not exhaust his administrative remedies in this case because the Court can independently exercise jurisdiction under the APA. That argument is wrong both under the statutory text and applicable case law. The APA allows for judicial review of "[a]gency action made reviewable by statute and *final* agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704 (emphasis added). So unless agency action is "final," the APA does not by itself confer subject-matter jurisdiction on a federal court. *See also Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 489 (5th Cir. 2014) (holding that "[t]here must be 'final agency action' in order for a court to conclude that there was a waiver of sovereign immunity" when "judicial review is sought

3

pursuant only to the general provisions of the APA"). But as the Fifth Circuit has recognized in *Cardoso* and *Petrenko-Gunter*, there is no reviewable action (and no "final" agency action) *either* under the INA or the APA until a plaintiff has exhausted their administrative remedies by re-urging an application to adjust status during removal proceedings. *Cardoso*, 216 F.3d at 518; *Petrenko-Gunter*, 2006 WL 2852359, at *1.[1] For that reason, practically every district court in the Fifth Circuit to consider this issue has found that there is no subject-matter jurisdiction (based on any statute) over claims seeking judicial review of denials of adjustment of status applications without an exhaustion of administrative remedies.[2]

Notably, Mr. Robledo does not attempt to distinguish any of those cases in his opposition. Instead, he makes a fleeting, one-sentence reference to the Fifth Circuit's decision in *Nolasco v. Crockett*, 978 F.3d 955, 957 (5th Cir. 2020), in support of the proposition that "8 U.S.C. § 1252(a)(2)(B) precludes courts from reviewing only certain discretionary immigration decisions, but not legal determinations." Opp'n, at 5.[3] That's true, but irrelevant. "Although the Fifth Circuit has recently held that federal courts may review substantive legal issues involving eligibility for adjustment of status, the Fifth Circuit has not held that such review may occur absent the exhaustion of administrative remedies." *Mendoza*, 2020 WL 7123166, at *4 (citing *Nolasco*, 978 F.3d at 957). Rather, "[e]xhaustion of administrative remedies was not at issue in either *Nolasco*

---

[1] The same is true with respect to claims for declaratory relief. "[I]f a party could receive a legal ruling by a district court . . . on the correctness of a ruling by the USCIS simply by labeling it a request for declaratory relief, then [the] decision in *Cardoso* (and the statutory review process enacted by Congress) would be meaningless." *Velasquez v. Nielsen*, 754 F. App'x 256, 261 (5th Cir. 2018).

[2] *See* USA Mem. Supp. Mot. to Dismiss, at 6 n.7 (collecting cases), ECF No. 5-1.

[3] As the United States noted in its motion, the Fifth Circuit panel in *Nolasco v. Crockett*, 978 F.3d 955, 956 (5th Cir. 2020), withdrew its initial opinion after the Supreme Court decided *Nasrallah v. Barr*, -- U.S. --, 140 S. Ct. 1683 (2020), "which clarified the meaning of the statutory term 'final order of removal.'" However, the panel did so "[w]ithout expressing an opinion as to whether *Nasrallah* may have partially abrogated portions" of *Cardoso*. 978 F.3d at 956. So *Cardoso* remains binding law in this circuit. *Cf. Johnson v. Dettmering*, No. 19-00744-BAJ-SDJ, 2021 WL 3234623, at *5 (M.D. La. July 29, 2021) (noting that the Fifth Circuit's decisions "are binding on this Court" (citation and internal quotation marks omitted)).

4

or *Melendez*." *Id.* As a result, "*Cardoso* is binding precedent that has been repeatedly followed by the Fifth Circuit" and other district courts in this circuit. *Hernandez v. Garland*, No. H-20-3089, 2021 WL 3810963, at *2 (S.D. Tex. May 19, 2021).[4] So there is no reason for this Court to reach a different conclusion.[5]

**Finally**, Mr. Robledo devotes substantial space (nearly three pages) to equitable arguments that exhaustion in this matter would be "futile" and "egregious because it is time consuming." Opp'n, at 6-9. But he offers no explanation, other than his attorney's *ipse dixit*, for how or why re-urging his application for adjustment of status during removal proceedings would be "futile." This Court has repeatedly admonished that "[s]tatements advanced as facts in briefs themselves, like an attorneys' opening or closing argument in trial, are not evidence." *Firefighters' Retirement Sys. v. Citco Grp. Ltd.*, No. 13-373-SDD-EWD, 2016 WL 3460396, at *4 (M.D. La. June 21, 2016). On that basis alone, Mr. Robledo's arguments should be rejected. But even if re-urging an application for adjustment of status during removal is "time consuming," that consideration provides no basis for ignoring binding precedent from the Fifth Circuit requiring the exhaustion of administrative remedies prior to filing suit. *See Rico*, 2017 WL 7371193, at *1 (noting that the plaintiff's "impasse" while waiting for removal proceedings to commence "does not mean his administrative remedies have been exhausted").[6] Consistent with the Fifth Circuit's structure as a

---

[4] Although he does not elaborate on this argument, Mr. Robledo suggests in his Opposition that the plaintiff in *Cardoso* sought review of a discretionary denial of her adjustment of status application, as opposed to a review of legal determinations. *See* Opp'n, at 6, 9. That characterization of *Cardoso* is wrong. The pertinent plaintiff in *Cardoso*, Ms. Moran, sought review of the INS's legal determination that she did not qualify for an adjustment of status "on the ground that she was no longer an eligible child." 216 F.3d at 514; *see also Velasquez*, 754 F. App'x at 261 (stating that Ms. Moran "was arguing that INS made a *legal error* in denying her petition" (emphasis added)). As a result, there is no pertinent distinction between *Cardoso* and this case.

[5] As discussed in the Government's motion, USA Mem. Supp. Mot. to Dismiss, at 7 n.8, the plaintiff in *Nolasco*—unlike Mr. Robledo—was "unable to appeal within the immigration system" due to statutory restrictions on removals for persons with Temporary Protected Status ("TPS"). 978 F.3d at 956 & n.2. Those provisions are inapplicable to this case, and Mr. Robledo otherwise provides no reason why the United States would be unable to commence removal proceedings against him. So there is also no reason why Mr. Robledo cannot exhaust his administrative remedies during removal proceedings in accordance with *Cardoso*.

[6] Mr. Robledo's Opposition incorrectly suggests that the filing of his Form I-290B, Notice of Appeal or Motion, with

"strict *stare decisis* court," the Court need look no further than *Cardoso* to dispose of all claims in this matter. *Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 832 (5th Cir. 2000) (citation and internal quotation marks omitted).

There is no dispute that Mr. Robledo has not exhausted his administrative remedies by re-urging his application for adjustment of status during removal proceedings. There is likewise no dispute that binding Fifth Circuit law requires such exhaustion prior to seeking judicial review—regardless of whether the United States has commenced removal proceedings and regardless of whether the plaintiff asserts claims under the INA, the APA, or any other federal statute. *See Cardoso*, 216 F.3d at 518. Mr. Robledo's claims should therefore be dismissed for lack of subject-matter jurisdiction.[7]

Baton Rouge, Louisiana, this 12th day of November, 2021.

> UNITED STATES OF AMERICA, by
>
> ELLISON C. TRAVIS
> ACTING UNITED STATES ATTORNEY
>
> /s/ Chase E. Zachary
> Chase E. Zachary, LBN 37366
> Assistant United States Attorney
> 777 Florida Street, Suite 208
> Baton Rouge, Louisiana 70801
> Telephone: (225) 389-0443
> Fax: (225) 389-0685
> E-mail: chase.zachary@usdoj.gov

---

USCIS constituted a motion for reconsideration or to reopen under 8 U.S.C. § 1229a(c)(6)-(7). *See* Opp'n, at 8 (stating that "Mr. Monroy Robledo has also filed a Motion to Reconsider, that was ultimately denied" and that "Mr. Monroy Robledo attempted both remedies for exhaustion"—i.e., appeal to the Board of Immigration Appeals (BIA) and a motion for reconsideration—"to no avail"). But 8 U.S.C. § 1229a only applies to removal proceedings, which Mr. Robledo admits have not been initiated against him. *Id.* As a result, Mr. Robledo has availed himself of *none* of the remedies under that statute and otherwise has failed to exhaust his administrative remedies under *Cardoso*.

[7] Although Mr. Robledo has not requested leave to amend his complaint, his Opposition briefly mentions that "leave to amend should be freely granted." Opp'n, at 3. However, "it is within the Court's discretion to deny a motion to amend if it is futile." *Davis v. East Baton Rouge Parish Prison*, No. 17-795-BAJ-SDJ, 2021 WL 3729963, at *1 (M.D. La. Aug. 23, 2021). And since Mr. Robledo agrees that he has not re-urged his application for adjustment of status in removal proceedings, *see* Opp'n, at 4, 8, no amendment to his complaint would cure the jurisdictional defects raised in the Government's motion. So any request to amend should be denied.