# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBERTO MONROY ROBLEDO**                              **CIVIL ACTION**

**VERSUS**

**ALEJANDRO MAYORKAS, ET AL.**                    **NO. 21-00424-BAJ-EWD**

## RULING AND ORDER

Before the Court is the Government's **Rule 12(b)(1) Motion to Dismiss (Doc. 5)**, filed on behalf of the Secretary of the Department of Homeland Security Alejandro Mayorkas, Director of U.S. Citizenship and Immigration Services ("USCIS") Tracy Renaud, U.S. Attorney General Merrick Garland, and Interim Field Office Director for the New Orleans USCIS Field Office Dianne Witte. Plaintiff opposes the Motion. (Doc. 12). The Government filed a Reply Brief. (Doc. 13).

For the reasons stated herein, the Government's Motion is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

## I.   ALLEGED FACTS

Plaintiff, a citizen of Mexico, seeks judicial review of the denial of his Form I-485 Application to Register Permanent Residence or Adjust Status. (Doc. 1). The Government contends that the Court lacks subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies. (Doc. 5).

Plaintiff alleges the following. (Doc. 1). From 2009 to 2015, Plaintiff entered the United States on an H2B work visa. (*Id.* at ¶ 16). Prior to entering the United States, Plaintiff lived with, and had three children with,

1

Maria Guadalupe Zamora Ruiz. (*Id.* at ¶ 17). Plaintiff considered himself to be in a common law marriage with Ruiz. (*Id.* at ¶ 17, 22).

Thereafter, Plaintiff married a United States citizen. (*Id.* at ¶ 18). On March 14, 2019, Plaintiff applied for a change in status with USCIS based on his marriage to a United States citizen and because he fulfilled the statutory qualifications to adjust his status to that of a Lawful Permanent Resident. (*Id.* at ¶ 19).

On April 23, 2019, USCIS denied Plaintiff's application because Plaintiff claimed to be married to Ruiz in his previous H2B visa applications. (*Id.* at ¶ 20). On June 21, 2020, Plaintiff timely filed a Motion to Reconsider. (*Id.* at ¶ 21). Plaintiff argued that his assertion regarding his marriage to Ruiz was not a "Willful Misrepresentation of Material Fact," as he considered himself to be married to Ruiz because common law marriages are prevalent in Mexico. (*Id.* at ¶ 22). On August 6, 2020, USCIS denied Plaintiff's Motion to Reconsider.

On July 22, 2021, Plaintiff filed this lawsuit, alleging that he is eligible as a matter of law to adjust his status to that of Lawful Permanent Resident. (*Id.* at ¶ 33). Plaintiff asserts that Defendants' refusal to approve Plaintiff's adjustment of status is an unreasonable failure to act in violation of the Administrative Procedures Act. (*Id.* at ¶ 34). Plaintiff also alleges that Defendants' denial of the application to adjust status violates the Immigration and Nationality Act. (*Id.* at ¶ 38).

Plaintiff requests that the Court: (1) assume jurisdiction over this matter; (2) review Defendants' decision to deny Plaintiff's Form I-485; (3) declare that

Plaintiff was statutorily eligible to file a Form I-485, and adjust his status to that of a Lawful Permanent Resident; (4) declare that Plaintiff submitted sufficient evidence to meet his burden of proof on the admission element of INA § 245(a), 8 U.S.C. § 1255(a), on the day that his Form I-485 was filed with USCIS; (5) hold unlawful and set aside Defendants' decision, which unlawfully denied Plaintiff's Form I-485; (6) order Defendants to approve Plaintiff's Form I-485 within a reasonable period of time; (7) retain jurisdiction during the adjudication of the Form I-485 to ensure compliance with the Court's orders; and (8) grant reasonable attorney's fees and court cost pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, *et seq.*, and the Administrative Procedures Act, 5 U.S.C. § 504, *et seq.* (*Id.* at ¶ 40).

## II.    PROCEDURAL HISTORY

On July 22, 2021, Plaintiff filed suit, alleging federal question jurisdiction, 28 U.S.C. § 1331. (Doc. 1). Thereafter, the Government filed the instant Motion to Dismiss. (Doc. 5).

## III.    LEGAL STANDARD

The Government argues that the Court lacks subject matter jurisdiction to adjudicate this case. "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Products Liab. Litig,* 668 F.3d 281, 286 (5th Cir. 2012). Under Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *Id.* (quoting *Home Builders Ass'n, Inc. v. City of Madison,*

143 F.3d 1006, 1010 (5th Cir. 1998)). A court should consider a Rule 12(b)(1) attack before addressing any challenge on the merits of the claims. *Id.*

A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). That standard seeks to determine whether "a complaint . . . contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In reviewing a Rule 12(b)(6) motion, a court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on a Rule 12(b)(1) motion, however, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009);

*Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (holding that a court ruling on a Rule 12(b)(1) motion may evaluate "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts").

## IV.    DISCUSSION

The Government seeks dismissal of Plaintiff's claims for lack of subject matter jurisdiction, arguing that Plaintiff has failed to exhaust his administrative remedies. (Doc. 5, p. 1). Specifically, the Government asserts that Plaintiff must renew his request for an adjustment of status during removal proceedings, regardless of whether the Government has commenced such proceedings. (*Id.*).

The Government relies on *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000) in support of its position. There, the United States Court of Appeals for the Fifth Circuit held that it could not exercise jurisdiction because plaintiff had not yet exhausted her administrative remedies when plaintiff sought "nothing more than review of the immigration judge's denial of her request for adjustment of status" and "never faced a removal order." *Id.* (internal citations omitted). The Circuit emphasized that the *Cardoso* plaintiff could renew her request for adjustment of status upon the commencement of removal proceedings, but until then, the court could not review her request "[a]s a matter of jurisdiction." *Id.* (internal citations omitted).

Here, just as in *Cardoso*, Plaintiff seeks judicial review of the denial of his request for adjustment of status but has not faced removal proceedings. (Doc. 1, ¶ 40;

Doc. 12-1, p. 4). Because Plaintiff can renew his request for adjustment of status upon the commencement of removal proceedings, he has not exhausted his administrative remedies. *See Cardoso v. Reno*, 216 F.3d at 518.  Accordingly, the Court is without jurisdiction to act. *See id.*

Plaintiff's arguments to the contrary do not persuade otherwise. First, Plaintiff's submission of a Form I-290B, Notice of Appeal or Motion, and the subsequent denial of same, does not change this result. Indeed, the U.S. District Court for the Southern District of Texas recently considered this argument and held:

> Plaintiffs' argument that "all administrative remedies have been exhausted in this case since they filed a Form I-290B, Notice of Appeal or Motion, seeking reconsideration of the decision denying the application for adjustment of status," is contrary to the Fifth Circuit's holding in *Cardoso* that plaintiffs may not obtain judicial review of the denial of their applications to adjust status outside of the removal process.

*Mendoza v. Wolf*, No. CV H-20-2022, 2020 WL 7123166, at *4 (S.D. Tex. Dec. 4, 2020).

Second, Plaintiff's argument that the APA provides the Court with subject matter jurisdiction does not change the outcome.[1] (Doc. 12-1, p. 4–6; 9–10). In

---

[1] Plaintiff relies on *Nolasco v. Crockett*, 978 F.3d 955, 957 (5th Cir. 2020) in support of his argument. However, the U.S. District Court for the Southern District of Texas recently considered an identical argument and held:

> Although the Fifth Circuit has recently held that federal courts may review substantive legal issues involving eligibility for adjustment of status, *Nolasco v. Crockett*, 978 F.3d 955, 957 (5th Cir. 2020) (citing [*Melendez v. McAleenan*, 928 F.3d 425, 426–27 (5th Cir. 2019)], *the Fifth Circuit has not held that such review may occur absent the exhaustion of administrative remedies.* Exhaustion of administrative remedies was not at issue in either *Nolasco* or *Melendez.*

*Mendoza v. Wolf*, No. CV H-20-2022, 2020 WL 7123166, at *4 (S.D. Tex. Dec. 4, 2020).

*Petrenko-Gunter v. Upchurch*, the Fifth Circuit affirmed a district court's determination that it lacked jurisdiction to decide the merits of a plaintiff's claim for injunctive and declaratory relief under the APA because plaintiff could renew her request for adjustment of status upon the commencement of removal proceedings. No. 05-11249, 2006 WL 2852359, at *1 (5th Cir. Oct. 2, 2006) ("Because an individual denied an adjustment of status can renew that request for adjustment of status upon the commencement of removal proceedings, [plaintiff] has not yet exhausted her administrative remedies") (citing *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000)).

Finally, Plaintiff's argument that this process is futile and time consuming is not for this Court to decide. (Doc. 12-1, p. 6–9). Rather, the Court is bound by Fifth Circuit precedent, and accordingly, must conclude that it is without jurisdiction to grant the relief Plaintiff seeks. *See Hernandez v. Garland*, No. CV H-20-3089, 2021 WL 3810963, at *2 (S.D. Tex. May 19, 2021) ("Plaintiff argues that *Cardoso* 'is a problematic decision,' has been criticized by a decision from another circuit, and contains a citation that 'was clearly an error,' but *Cardoso* is binding precedent that has been repeatedly followed by the Fifth Circuit and this Court."). Accordingly, the Government's Motion (Doc. 5) is **GRANTED.**

## V.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the Government's **Rule 12(b)(1) Motion to Dismiss (Doc. 5)**, filed on behalf of the Secretary of the Department of Homeland Security Alejandro Mayorkas, Director of U.S. Citizenship and Immigration Services ("USCIS") Tracy Renaud, U.S. Attorney General Merrick Garland, and Interim Field

7

Office Director for the New Orleans USCIS Field Office Dianne Witte, is **GRANTED**.

 **IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.


     Baton Rouge, Louisiana, this _19th_ day of July, 2022

     _____
     **JUDGE BRIAN A. JACKSON**
     **UNITED STATES DISTRICT COURT**
     **MIDDLE DISTRICT OF LOUISIANA**

8